## Moses Benedict *vs.* Titus Hart.

Where a party was in the unlawful possession of a farm, lying partly in Massachu-
setts, and partly in Connecticut, and the owner entered on the Massachusetts
side, and demanded possession of the whole, and the other party, being then a
short distance on the Connecticut side, and having an ox goad in his hand, there-
upon threatened violence to the owner with that weapon, if he did not leave the
farm, upon which the owner abandoned his demand of possession; — it was held,
that this was a forcible detainer of that part of the farm lying in Massachusetts.

This was a proceeding under the Rev. Sts. *c.* 104, §§ 2, 4,
for the forcible detainer by the defendant of certain land
particularly described in the plaintiff's complaint, and therein
alleged to be held unlawfully and against the right of the
plaintiff. The case was submitted to the court upon the
following agreed statement of facts :

The land· in question constitutes a part of a farm, contain-
ing about two hundred acres, lying partly in Massachusetts
and partly in Connecticut. The description in the complaint
embraces that portion only which lies within the state of
Massachusetts. The dwelling-house is on the part which lies
in the state of Connecticut ; but the farm is divided into lots
without reference to the state line, a part of the same lots
lying in Massachusetts, and a part in Connecticut. A small
part of the meadow, the principal part of the plough lands, and
nearly all the pasture lands, are in the state of Massachusetts.
At the time of the commencement of this proceeding (which
was June 1st, 1843), the defendant was in possession of the
whole farm. He had ploughed and planted a number of acres
of the part lying in Massachusetts, in the spring of 1843, and
had also occupied the pasture lands lying in Massachusetts :
and was thus occupying the same on the 1st of June, 1843,
without license from the plaintiff. It was admitted by the
defendant, that the title to the freehold in the farm, as well
that part lying in Massachusetts as the portion lying in
Connecticut, was in the plaintiff, at the time of the com-
mencement of the suit.

It was also proved and admitted, that, previous· to the

commencement of the suit, the plaintiff went upon the farm,* and found the defendant and his hands at work thereon a few rods from the state line on the side lying in Connecticut. The lot, in which they were thus at work, extended across the state line, so that about one half of it was in Massachusetts ; and, of the latter, a portion was ploughed and planted in the spring of 1843. The plaintiff then and there demanded possession of the farm of the defendant, and requested him to leave the same ; intending to demand, and being so understood by the defendant, as well the part lying in Massachusetts as that lying in Connecticut.

The defendant thereupon became enraged, and used violent and threatening language towards the plaintiff, and, having an ox goad in his hand, threatened to put it on to the plaintiff, if he did not leave the farm. It was understood by the parties, at the time, that the defendant intended his threats to apply to the plaintiff, if the latter should attempt to take possession of that part of the farm lying in Massachusetts, as well as that part lying in Connecticut.

The plaintiff contended, upon this evidence, that he was thus forcibly prevented, by the defendant, from taking possession of the premises described in the complaint.

*I. Sumner & B. Palmer*, for the plaintiff.

*H. W. Bishop*, for the defendant.

SHAW, C. J. The question in this case seems to be one of fact rather than of law. It is a suit on the Rev. Sts. *c.* 104, § 2, for a forcible detainer of land, under the clause giving the summary remedy, where " an entry has been made in a peaceable manner, and the possession shall be unlawfully held by force." It appears by the facts agreed, that the plaintiff was the owner of land lying partly in the state of Connecti-- cut, and partly in the state of Massachusetts, and that the defendant was in possession without license. The plaintiff,

---

* In the agreed statement of facts, it does not appear that the entry and demand of the plaintiff were on the Massachusetts side, but the case was argued upon the supposition that such was the fact.

as owner, was entitled to the possession, as incident, and therefore the defendant's possession was unlawful.

The only question is, whether the evidence shows that the detention of that part of the farm, which lies in Massachusetts, was forcible.  The defendant was in possession of the whole farm, as well that part lying in Massachusetts, as that in Connecticut ; the plaintiff entered while the defendant was at work, in a field, through which the line of the state passed, and demanded possession ; the defendant, in a rage, and having an ox goad in his hand, threatened violence to him with that weapon, if he did not leave the farm.  Supposing this to be within the limits of Connecticut, the question is, whether it was a forcible detainer of the possession of that part of the field lying on the other side of the line, within the territory and jurisdiction of Massachusetts.  The menace was to use violence if he did not immediately quit the field, including the part in Massachusetts.

The authorities agree, that it is a forcible detainer, when one who has entered peaceably threatens corporal damage to one who rightfully attempts to enter, or repels him with violence. Com. Dig. Forc. Ent. B. 1.  So, in Bac. Abr. Forc. Ent. and Det. B., it is said, that the same circumstances of violence or terror, which will make an entry forcible, will make a detainer forcible also ; and, amongst other instances, by way of illustration, it is added, if one threatens to do bodily hurt to the former possessor, if he dare return, or place men at a distance from the house, to assault any one who shall make an attempt to enter it.

If menaces of violence and bodily harm constitute a forcible detainer, *a fortiori* where the party threatening has the means and manifests the disposition to carry them into immediate execution.  Such a menace with a weapon in hand, upon one within reach of it, is an assault in law ; so presenting a loaded gun at another, within gunshot, with the like menace, is an assault.  *Genner* v. *Sparks*, 6 Mod. 173.  It was stated by lord Ellenborough, in a case at *nisi prius*, that he had held, that firing a gun loaded with shot into a field was a breaking

**of** the close, though it had been doubted. *Pickering* v. *Rudd*, 1 Stark. R. 56. Supposing the defendant had stood on the Connecticut side of the line, with a loaded rifle, capable of commanding every point on the Massachusetts side of the line, and used like menaces against the plaintiff; can it be doubted, that this would have been a forcible detainer? The fact, that the parties stood on the Connecticut side of the line, is immaterial, the force and menaces used being such, as, in our judgment, to constitute a forcible detainer of the close on the Massachusetts side. See *Kinsley* v. *Ames*, 2 Met. 29.

*Judgment for the plaintiff.*